I think you are correct. Thank you. May it please the court. I represent Dr. Smith in this in this appeal from the district courts ruling on the bankruptcy case. I think this entire matter can be resolved with us answering just one simple question and that is whether or not Dr. Smith's mere filing of the complaint was a violation of the automatic stay under section 362. And I think the it's it's pretty clear to me that that was not a violation of the automatic stay. Okay, but even if that was incorrect, I mean, what difference does it make? Because your client wasn't sanctioned, the thing could still be dismissed. And so I'm trying to figure out, I understand the automatic stay question is a little interesting. We'll say that. But why does that determine this case? The reason, Your Honor, is because that is the basis on which the bankruptcy court dismissed the case in the bankruptcy court's order itself. Well, but the merits that the bankruptcy court looked at were what was the dismissal and was part of why they concluded it was an automatic stay, that the judge concluded it was an automatic stay violation. The bankruptcy court made a finding that that Dr. Smith brought a complaint under the Fraudulent Transfer Act, which we concede that that is not in the scope of what a non-creditor interested party can bring. The trustee is the sole purpose person that can bring a claim like that. But he also brought claims under Declaratory Judgment Act and determination of the property ownership under section But the property ownership's already been decided in a prior case. I don't believe it was ever. There was never an evidentiary hearing that actually Okay, but there was a determination that him swearing to this belongs to the LLC was the end of the story. So whether that's right or wrong, that had already been decided. So that's why, like I said, while I understand this automatic stay question is interesting, I'm just wondering, what does it actually make a difference of in this case? Well, there's case law, which we cited in our brief. In Ray Jones, out of this court, we challenged the fact that they relied so heavily on the schedules to determine that there was a judicial admission that the property did not belong to Dr. Smith. As in Ray Jones kind of addressed in that case is that the schedules, they understand, and other case law out of other circuits and district courts have kind of acknowledged the fact that the schedules are prepared by counsel, they're complicated, and that there is a duty of the bankruptcy court to correct any errors in the schedules. I thought that was already adjudicated, rightly or wrongly already decided, and I thought we already affirmed. I don't believe that exact issue was before the court. I think in the other cases, the issue was about standing, and there was another case resolved on different grounds. This is the only case that really addresses the issue head on, which is the determination of the assets and who owns them, and that determination has never been done. And to address kind of the sub-argument, Your Honor, of what you just asked, the trustee had mentioned in many the other cases that have been decided by the district court on this court and saying that we're asking for a second bite at the apple, but we're talking about an order that was issued in December of 2020. The percolation of the cases up through the courts has not been consistent as far as the timing, so we're not trying to say that we're asking for a second bite at the apple or trying to re-adjudicate an issue that hasn't been adjudicated. But with the court having dismissed the case as a violation of the automatic stay, it flies in the face of Rule 7001, Subsection 2, because an adversary proceeding is the only way for a non-creditor to have the court make a determination as to the assets and the ownership, and that was never done. And to have a fair and equitable due process situation to where the person that is saying these assets are mine or I have an ownership interest in those. I'm just looking at a quote. Dr. Smith is judicially estopped from claiming that the issue in his complaint are his personal property and not the property of the Bank of Seas State, which was decided in N. Ray Smith in November of 2022 in the Western District, Texas, and then it was affirmed by us in 2023. Why doesn't that end that issue? Well, Your Honor, I believe the reason is because the district court, and that was a quote out of the district court, correct? They jumped over the question of whether or not he violated the stay to reach the merits, and the district courts are required to look first at the question of was there an automatic stay violation, and they kind of skip over it and go straight to the merits of whether or not there was another ground for dismissal. But the important part is that the reviewing court, in that case the district court, has to review de novo the question of law, which is was the filing of the complaint by a non-party non-creditor a violation of the automatic stay under 362, which is what the bankruptcy court ultimately decided. The only way you would ever get to the next question is if that were answered already, and the problem is, is if we leave this, you know, this is the, if there were, as just an illustrative example, if the husband and wife are getting a divorce, husband goes and files for personal bankruptcy. You know, wife is claiming that she has separate property interests, which is a pretty important claim of ownership. Unless there's leave from the bankruptcy court, there would be no avenue for wife to try to make the claim that she had a separate property interest in that property that's currently sitting in the bankruptcy estate, unless an adversary. But if we find that he did not violate the stay, then why couldn't we affirm the court on alternate grounds? I don't believe that we can, because the reason that the court dismissed was very clear. It said that there was a violation of the automatic stay under Section 362, and that Dr. Smith brought a claim that was not, essentially, that he did not have standing to bring. The district court reviewed— Because of the ownership issue. He didn't have standing to bring it because of the ownership issue, right? That is not what the bankruptcy order stated. The bankruptcy order was referring to the fraudulent transfer action that the complaint contained. The district court then reviewed that, and in the district court's determination, which they made a factual determination under the clear error standard, they said that Dr. Smith was raising a complaint asking for an automatic stay. They were construing that complaint broadly from a pro se plaintiff's perspective, that that was to be construed that way. They then skipped past the automatic stay question. But this Court's also bound by the same standard of review, where it cannot overrule the district court's finding that the complaint contained a meritorious claim that would be proper in an adversary proceeding, unless it's for clear error. But it can review the question of whether the automatic stay was indeed violated or not. And the—I mean, I don't know—I mean, that, I think, is the—that's the primary question that the Court has to review. And I don't think, given the fact that the bankruptcy court's order explicitly stated that any relief not granted in this order is denied, that it did not grant it on the basis of saying that there's judicial estoppel. So we would be going kind of outside of the record and trying to—because I don't think the district court could have made that determination, and that was an error. So that would be for the adversary proceeding to make a determination, to actually have an evidentiary hearing—this was dismissed summarily—to have an evidentiary hearing so that Dr. Smith can put on his evidence of what, if any, of that property was his personal assets versus Salubria's assets. I did want to kind of express one of the reasons this is so important, being the fact that, you know, given—we're talking about roughly $12 million in accounts receivable here. This isn't small amounts of money. And, you know, the bankruptcy code is pretty straightforward in Section 7001, Subsection 2, that the adversary proceedings, the proper avenue to determine ownership. So when anyone comes forth and says, I have an ownership interest, that's not a violation of the stay. But we're dealing with the fact that if that hearing had happened and the bankruptcy judge had determined that any portion of that $12 million was indeed Dr. Smith's, that the court would then lose subject matter jurisdiction over that portion of the estate, or all of it, if it was all his. And so since that hearing never occurred, and there's been these extraneous attempts to try to assert rights that were done in different various ways that the courts rejected, and many of them were rejected on other grounds, but as far as the importance of having consistency in bankruptcy courts to where there's some accountability and that they are required if somebody does come forward and say, some of this belongs to me, for them to hold that hearing and so that they do make a determination in the proper procedural manner so that that person can be, you know, can be determined at that point in time and not drag on for four years. So I can reserve the rest of my time for rebuttal. Thank you. Yes, you've saved time for rebuttal. Thank you. Ms. Segura? Thank you, Your Honor. May it please the Court, Ms. C. Segura here on behalf of the Appellee, Eric Terry, Chapter 7 Trustee of the Bankruptcy State of Salubrio, LLC. I'd like to address the Court's questions of Appellant's Counsel. Right off the bat, the Court is right on the money. This issue has already been decided by this Court in Case No. 22-50999. That case was arising from an adversary proceeding that Dr. Smith filed in his own personal bankruptcy case. In that personal bankruptcy case, Dr. Smith filed a complaint and brought causes of action against Salubrio and asserted that a breach of contract, breach of fiduciary duty, conversion, and appellant claimed ownership of the same accounts receivable that we're using. To further illustrate that point, the reason that the order here on appeal from the district court level with the Honorable Fred Beery is phrased as a motion to reopen case in order affirming the bankruptcy court's order is that this appeal got delayed because of the filing of Dr. Smith's personal bankruptcy case. So it was stayed for a while. Then in the meantime, Dr. Smith used the opportunity to initiate an adversary proceeding in his own personal bankruptcy case making the same claims that he's made here today. In that case, the district court found that Dr. Smith was judicially a stop from making those claims. So this issue has already been decided. This court thereafter affirmed and found no reversible error in that decision. So you're saying it's irrelevant whether this was an adversary proceeding that's improper or in other words, that it violated the stay? Is that your point? Well, we'd have two points. We'd say that this matter has already been decided as the court had inquired earlier. We would also say that as far as violation of the automatic stay that the bankruptcy court and the district court were absolutely correct in that determination because if one reviews the . . . Okay. But what I'm trying to ask is if we said this adversary proceeding is proper, that it's not a violation of the automatic stay to file an adversary proceeding, however good or bad the adversary proceeding is, would that change the ultimate outcome in this appeal? That's my question. No, Your Honor, it wouldn't. Okay. Why not? It's already been decided by this court. Okay. So because that's what I asked your opponent and I'm wanting to make sure I understand your argument too because we have to decide that. Okay. So let's turn . . . let's assume arguendo that it matters whether it violated the automatic stay. Why did it? The complaint that was filed by Dr. Smith in the Salubrio case, it did violate the automatic stay. The reason is a review of the complaint itself filed by Dr. Smith is replete with causes of action under Section 548 for fraudulent transfer, which that is a bankruptcy fraudulent transfer statute and also it did allege state fraudulent transfer actions. But those are all owned by the Chapter 7 trustee once the case . . . I understand why it might have been an improper adversary proceeding, but that is a different question to me than this violation notion because I thought that was all about when I was a state district judge and they would tell me something was in bankruptcy, I got really scared like I better not even touch this case that's pending in my court because it's bankruptcy. But if the bankruptcy court said I could touch it, then I could. Well, then why can't you go to the bankruptcy court when you have something and say, hey, help me out? Regardless of who you are, that isn't that where it should be. So that's why I'm trying to understand this notion that going to the bankruptcy court is a problem when it's the not going to the bankruptcy court that's the problem most of the time. Right, Your Honor. It's a very distinct point because that is true. Litigants all the time will come into bankruptcy and seek relief from the automatic stay, even in abundance of caution, right? This was different because it was not the act of . . . the complaint itself is what the complaint was based upon. It was based upon Dr. Smith seeking to control assets, causes of action that are owned by the bankruptcy estate that's controlled and owned by, in turn, the Chapter 7 trustee. That was the stay violation. Otherwise, the court would not be able to stop someone coming into bankruptcy court and saying, well, I own these cause of action. These are mine. And the trustee is the only one that has the authority to pursue estate causes of action for fraudulent transfer. And he improperly sought to control assets of the bankruptcy estate, and that is a stay violation. Well, let me ask you this, then. Let's assume, arguendo, it was a violation of the automatic stay. Was Smith sanctioned? It didn't look to me like he was. The bankruptcy court entered a gatekeeper order. Right, but that's not a sanction. That's a, like, let's kind of cubby the future. Right. He did not issue monetary sanctions against Dr. Smith. He was pro se at the bankruptcy court level. And so he basically said, you know, don't do it again. And he would, I think the court was hoping that the gatekeeper order would stop further conduct like this from happening again. To me, that's not really a sanction. It's more of avoiding a problem. There wasn't anything else that was entered, is what I'm asking. That's correct, Your Honor. The gatekeeper order and dismissal of the adversary receiving was the only relief that was granted by the bankruptcy court. And that gets us back as far as the complaint. You know, the bankruptcy court looked at it. He found clearly it was asserting estate causes of action. Just the facts of it that were there. And that's why it kind of matters to go back into Dr. Smith's business. He was a radiologist and Solubrio has an MRI machine. And patients would come in and say you charge someone $3,000 for an MRI. And then later on, if like a personal injury case settles, maybe you get settled and you have to take a reduction of half. So the trustee, once the trustee is administering the assets of Solubrio, which were the almost $12 million in accounts receivable that were listed by Dr. Smith, signer of penalty perjury in the schedules, the trustee was settling them to get money into the estate. And that's what necessitated Dr. Smith to file his adversary complaint in this instant appeal, complaining about the trustee settling these accounts receivable for less than face value, which he said were a reduction of estate value. He kept talking about estate value. He never once said, hang on, these are my accounts receivable. I own that. You're reducing my personal value. The relief sought by Dr. Smith in the adversary proceeding, he says he wants an administrative expense claim paid for by the estate because he would be assisting collection of enhancement of estate value. So it was very clear that he was trying to control estate causes of the court, ruled the way it did, and dismissed the adversary proceeding and also entered the gatekeeper order pursuant to its inherent powers under Section 105 of the Bankruptcy Code. All right. Thank you, Ms. Segura. Ms. Clothier for Ms. Bowen. Thank you, Your Honor. I just wanted to address a couple of points, one being that the United States District Court, in its opinion, construed the complaint differently than what the trustee is asking this Court to construe it as. We're not saying that there was not things in there that shouldn't have been in there. We're saying that because the District Court construed it as a determination under 7001, Subsection 2, that that's what it is. And so because that was a factual finding already resolved by the District Court, that would then be reviewable by clear error only, and I don't think that we could find that it was not a proper complaint under 7001, too. And so because that's already occurred, then we get back to, okay, was the automatic stay violated? The trustee, it seems like, is trying to suggest that if a complaint is filed that has, like, on the face of the complaint, that there's no claim or causes of action that could result in a win, like a 12B6 situation, that the proper method is to say, no, this is a violation of the automatic stay. That isn't the case at all. The Bankruptcy Code even incorporates 12B6 in Rule 7012, saying you can file a motion to dismiss under Rule 7012, which is the same as a failure to state a claim under 12B6. So would that have maybe been proper for the Fraudulent Transfer Act claims? Yes, that would have been. But that isn't what they did, and that isn't how it was ruled. So because of the fact that we're looking at simply the mere filing of a complaint, that is what would violate the stay. And just as Justice Haynes had mentioned, you know, the filing of that complaint in a State court or a Federal District Court, not the Bankruptcy Court, that would be a violation. But the only, they crafted this remedy for anyone who believes that something needs to be resolved. It has to be filed in the Bankruptcy Court and decided in an adversary proceeding, which is what Dr. Smith ultimately did. And coming back to the, can we get, can we jump past that to the judicial estoppel? And I don't think we can. And two reasons. One is that before you can ever get to the merits, you first have to say, did the court err when it found that it was an automatic stay violation? And the answer is, yes, it did. And also, with these other cases, the Court's still reviewing on the basis of factual findings for clear error. So when the Court says, we do not find any clear error in this case, that is not the same as an affirmative finding at the onset in an original proceeding, where it's fairly squared away, where both parties have equal footing, you know, on review, it's a different standard. So to say that, you know, we've reviewed this for clear error, we don't find any clear error that the determination of the schedules were, was determinative of the outcome here, that's not the same as having a proper fair due process, you know, adversary proceeding at the beginning of the case that would make a determination, because that never actually happened. There was, you know, a number of efforts to try to get that to happen, but it never actually happened. And I don't think we can say that's judicial estoppel when, in the first instance, there was never that fair proceeding where both parties got to put on their evidence. So unless there's any other questions, that's all I've got. Thank you, Ms. Glady. Your case and all of today's cases are understood.